Elham Azimy, Esq.   SBN: 207274
Azimy Law, APC
4521 Campus Dr. #413
Irvine, California 92612
Telephone: (949) 572-8197
Fax: (949) 334-6474
eazimy@a-lawfirm.com

Attorney for Applicant, Link Life Co., Ltd.

FILED
OCT 29 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# -SAN JOSE DIVISION-

CV-19 80268 MISC

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF<br><br>LINK LIFE CO., LTD.,<br><br>Applicant, | Case No.:<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C §1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND MEMORANDUM AND DECLARATION IN SUPPORT THEREOF** |

TO THE HONORABLE COURT, TO DEFENDANTS AND TO ALL PARTIES WITH AN INTEREST HEREIN:

1

Applicant, Link Life Co., Ltd. (hereinafter referred to as Link Life" or "Applicant"), a professional corporation, organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Google, LLC ("Google") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoena attached to this application seeks from Google documents and information relating to certain Google Ads linked to a web page that posted false and misleading information about Link Life, which under Japanese law, constitute Unfair Competition.

The application is supported by the accompanying declaration of Tomohiro Kanda, an attorney in Japan who represents Link Life, in connection with an anticipated lawsuit in Japan for the anonymous person(s) who made the false statements about Link Life on Google Ads which are associated with a web page posting false information about Link Life. Also attached to this motion is the Declaration Marianne Mu, who has translated the Anonymous Defendant web page as well as Link Life's correct information for reference from Japanese to English.

## I. BACKGROUND

1. Link Life, Co., Ltd (hereinafter referred to as "Link Life" is a registered corporation under the corporate laws of Japan. (Decl. Kanda ¶4). Link Life was

established February 14, 2008. (Decl. Kanda ¶4). Link Life's CEO is Keita Shimizu and its corporate headquarters are located at 7F, 1-2-33, Higashi-Gotanda, Shinagawa-ku, Tokyo, 141-0022, JAPAN. (Decl. Kanda ¶4). Link Life has six hundred fifty-seven (657) employees and its main partners are Yahoo, Google, CyberAgent, LINE, Rakuten. (Decl. Kanda ¶4). Link Life has capital stock of 10 million yen and the company's web site address is: https://linklife.co.jp/corporate/data.php. Attached as Exhibit "A" is a true and correct copy of Link Life's company profile. (Decl. Kanda ¶4).

Link Life operates operates a telecommunications business under the Telecommunications Business Act. (Decl. Kanda ¶5). Link Life provides internet connection services for WiMAX. (Decl. Kanda ¶5). WiMAX is a communication terminal hot spot that can be purchased by customers. (Decl. Kanda ¶5). The WiMAX terminal can be taken anywhere with them and this will provide customers internet access without having to connect to WiFi. (Decl. Kanda ¶5). WiMAX's communication terminals are sold by OEM (original equipment manufacturer) as their own brand "BroadWiMAX". (Decl. Kanda ¶5). Link Life, through BroadWiMAX, sells the WiMAX "hot spot" terminal and charges its customers a monthly subscription fee for the service. (Decl. Kanda ¶5). In Japan, other telecommunications companies sell the WiMAX hot spot terminal,

nonetheless Link Life dba BroadWiMAX is known in Japan as the cheapest monthly rate as a service provider for WiMAX. (Decl. Kanda ¶6).

**Link Life dba BroadWiMAX Unfair Competition Claim**

In Japan, an unknown company whom has falsely claimed to be affiliated with WiMAX has set up a web site and has run google ads which purport to list the top ten companies whom provide monthly service subscriptions to the WiMAX hot spot terminal. (Decl. Kanda ¶7). However, this unknown company has not only falsely stated the incorrect amount that Link Life dba BroadWiMAX charges for the WiMAX device it has also placed BroadWiMAX as number 4 lowest charging monthly subscription service fee, when in reality Link Life dba BroadWiMAX is the number one lowest monthly subscription fee for the WiMAX hot spot terminal. (Decl. Kanda ¶7). The web site associated with the Google Ads that is the subject of Applicant's grievances is http://WiMAX-best.com/ (hereinafter "Anonymous Defendant") and the Google Ad tags are as follows: 1) GTM-5RGMTDN; 2) GTM-KLBPJHS; 3) UA-32381893-4; and 4) AW-786419824. (Decl. Kanda ¶8). The Anonymous Defendant's web site and the associated Google Ads contains a web page with a list of attached web page links are published (hereinafter referred to as "This web page"), where WiMAX providers are listed in a ranking format on the articles "*Thorough comparison of WiMAX 8 companies*

4

*carefully selected for July 2019*" and "*WiMAX BEST ranking*".  (Decl. Kanda ¶9). The ranking criteria is described as "Where 'The actual cost per month' (hereinafter, the real monthly fee) is really cheap", and in fourth place is "BroadWiMAX". (Decl. Kanda ¶9). The web page as shown in Exhibit "C" says that "this site is a comparison and word-of-mouth site using an affiliate program". (Decl. Kanda ¶10). There is ranking table that contains a link like an affiliate link at first glance. (Decl. Kanda ¶10). However, there is no URL that links to the actual BroadWiMAX website and this is how Japanese counsel has discovered that the Anonymous Defendant has falsely claimed to be affiliated with BroadWiMAX. (Decl. Kanda ¶10). The administrator of this web page is only pretending to be an affiliate site. (Decl. Kanda ¶10). Therefore, after Japanese counsel examined the web page, the four (4) Google Id's contained in Exhibit B for google advertising have been set, it is possible to check the site administrator from there. (Decl. Kanda ¶11). Different IDs for Google advertising are assigned to each entity paying for the google ad and therefore Google would know the entity information corresponding to the Google ID(s). (Decl. Kanda ¶11).

     In Japan, under Article 2, Paragraph 1, 20 of the Unfair Competition Prevention Act: "A person who has been infringed or is likely to be infringed on a business interest may request the person who is infringing or is likely to infringe,

to stop or prevent the infringement. Article 3 of the Unfair Competition Prevention Act states: A person whose business interests have been infringed on or are likely to be infringed on due to Unfair Competition may make a claim to suspend or prevent that infringement, against the person that infringed or is likely to infringe on the business interests. (Decl. Kanda ¶13). Furthermore, the person who infringes shall be liable for any damages caused by the infringement. Article 4 of the Unfair Competition Prevention Act states: A person who intentionally or negligently infringes on the business interests of another person through Unfair Competition is held liable to compensate damages resulting therefrom; provided, however, that this Article does not apply to damages resulting from the act of using Trade Secrets after the rights prescribed in Article 15 have extinguished pursuant to the same Article. (Decl. Kanda ¶13). In Mr. Kanda's analysis of Unfair Competition Prevention Act, On the webpage, the standard of ranking is "total amount for three years", that is, a large amount of the total payment amount for three years. Once the "Unlimited Gb" plan and the equipment model of WiMAX are chosen the price is specified. (Decl. Kanda ¶14). Link Life dba "BroadWiMAX" advertises of their monthly service fee for the WiMAX hot spot terminal. (Decl. Kanda ¶14).

6

After Mr. Kanda reviewed Applicant's prices on Exhibit D and compared it to the Anonymous Defendants web page, Link Life dba BroadWiMAX charges approximately 2,726 yen per month with other incentives not including taxes, for the WiMAX hot spot terminal subscription fee with other incentives and the web page of the Anonymous Defendant falsely lists the monthly subscription fee that Link Life dba BroadWiMAX charges to be 3,740 yen per month. (Decl. Kanda ¶15). According to Mr. Kanda, Link Life dba BroadWiMAX should be ranked as number one on the list. (Decl. Kanda ¶15). Based on the discrepancy between the "actual ranking based on the monthly subscription fees charged by Link Life dba BroadWiMAX and the false ranking of the Anonymous Defendant, this is unfair competition according to the unfair competition laws of Japan. (Decl. Kanda ¶15). In other words, if the advertisement on the website is different from the actual product or service, displaying "the product or service, or the advertisement that is misleading about the quality and content of the product" was done. (Article 2, Paragraph 1, 20 of the Unfair Competition Prevention Act). (Decl. Kanda ¶13). Here, Since the ranking of this web page is not accurate with the numbers charged by Link Life dba BroadWiMAX, it is considered unfair competition, and Link Life can claim both an injunction and a claim for damages. (Decl. Kanda ¶15).

## II. <u>ARGUMENT</u>

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from who the discovery is sought or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010)* at *1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: " (1) whether the "person whom the discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is am "attempt to circumvent proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc., 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May*

2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

### B. Link Life's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782

#### 1. Google, LLC Whom Discovery Sought is located in this District

Google, LLC, from whom the discovery requested in this application is sought, is located in Mountain View, California. Therefore, Google, LLC is within this Court's district. (See Exhibit E to the Decl. of Kanda ¶17).

#### 2. The Requested Discovery is for Use in a Proceeding in Japan

The discovery requested in this application must be utilized for a proceeding before a foreign tribunal. The foreign proceedings need not be commenced before 28 U.S.C. § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp v. Advanced Micro Devices, Inc.*, supra at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Link Life intends to bring a lawsuit in Japan against the person(s) associated with the Google Ads linked to the web page in question as soon as the person's identity has been ascertained through the discovery sought by this application.

(Decl. Kanda ¶12). Thus, the requirement that the discovery be for use in a foreign proceeding is met.

### 3. Link Life is the Interested Party under 28 U.S.C § 1782, Whom May Make this Application.

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by any "interested person". As a Plaintiff in the anticipated litigation in Japan, Link Life (dba BroadWiMAX) is clearly an interested person under 28 U.S.C. § 1782.

## C. Link Life's Application Further Meets All of the Discretionary Factors under Intel.

### 1. Google, LLC is Not a Participant in the Foreign Proceeding

The first Intel. factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel, 542 U.S. at 264.* If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach;

hence, their evidence, available in the United States, may be obtainable absent §1782 (a) aid." *Id.*

Google, LLC is not a participant in the anticipated Japanese lawsuit. (Decl. Kanda ¶21). Additionally, the documents that the Link Life is seeking are in the United States and not in Japan. Thus, the information sought is out of Japan's tribunal reach.

### 2. The Requested Information is relevant and needed for Link Life's Impending Lawsuit in Japan and the Japanese Court's Would be Receptive to this Court's Assistance

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court agency abroad to U.S. federal-court judicial assistance." *Intel at 264.*

In order to identify the person(s) who committed the unlawful acts against Link Life through the Google Ads and associated web page in question for purposes of bringing a lawsuit against said person(s) in Japan, it is crucial for the Link Life to obtain the identifying information of the Anonymous Defendant. (Decl. Kanda ¶19).

In addition, the Japanese courts would be receptive to this Court's assistance. In fact, Japanese courts have been receptive to the discovery assistance made by U.S. Courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

### 3. Link Life's Discovery Request is Not and Attempt to Circumvent Foreign Proof Restrictions or Policies

"A district court could consider whether §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country or the United States." *Intel.* at 265.

Link Life is not aware of any restrictions imposed by or any policies under Japanese law limiting proof-gathering proceeding in the manner proposed or for the purposes stated herein. (Decl. Kanda ¶18). In the past, Courts have granted 28 U.S.C. § 1782 applications for use in the proceedings in Japan, both criminal and civil cases. *Marbueni Am. Corp.* at 98; *LG Elecs Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutors Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op.

*Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).*

### 4. Link Life's Request is narrowly tailored to Highly Relevant Information for the Japanese Civil Case and Not Unduly Intrusive or Burdensome

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel at 265.* As shown in the proposed subpoena to Google, LLC. attached to the proposed Order submitted with this Application, the discovery requests by the Applicant is narrowly tailored and limited to the discovery materials related to the subject owner of the web page associated with the Google Ad ID's of the Anonymous Defendant through which the identity of the defendant to the impending Japanese lawsuit can be ascertained, and no further information is required.

//

//

## III.   CONCLUSION

For the reasons stated above, Link Life respectfully requests that this Court grant this application and permit that it allow Link Life to serve the subpoena to Google, LLC attached to the proposed order submitted within this application.

Respectfully Submitted,

DATED:  October 28, 2019                    AZIMY LAW, APC

_____
Elham Azimy, Esq.
Attorney for Applicant, Link Life Co., Ltd.